**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNUVA SHULER, | No. 19-55694 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07129-TJH-AJW |
| v. | |
| CITY OF LOS ANGELES, a public entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted April 15, 2021
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and GLEASON,** District Judge.

Plaintiff Unuva Shuler appeals the district court's entry of judgment for

Defendants after a jury found Defendants not liable for alleged violations of the

Fourth Amendment for an unreasonable search and seizure. Shuler challenges the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

district court's denial of her pretrial motion in limine to exclude Defendants' evidence of an anonymous tip. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision to admit evidence for abuse of discretion, we affirm.

First, we reject Shuler's argument that the district court erred in finding that the anonymous tip served the non-hearsay purpose of showing the effect on the defendant officers in their assessment of whether the circumstances supported probable cause for arrest. Shuler argues the district court was obliged to exclude testimony about the anonymous tip because there was insufficient corroborating evidence for it to serve its purported purpose.

Shuler is mistaken on the legal premise of her argument: there is no binding authority that requires the exclusion of evidence of an uncorroborated anonymous tip introduced to support an officer's assessment that the circumstances supported probable cause. Probable cause is determined by assessing the "totality-of-the-circumstances," including information about an anonymous tip. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Shuler points only to cases where courts determined that evidence of an uncorroborated anonymous tip was <u>insufficient</u> to establish probable cause. *See, e.g.*, *United States v. Clark*, 31 F.3d 831, 834–35 (9th Cir. 1994); *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006). In so doing, Shuler conflates the legal test for <u>admissibility</u> of evidence of the anonymous tip to

support probable cause with the framework for analyzing the <u>sufficiency</u> of evidence of an anonymous tip to establish probable cause. Indeed, the court in *Clark* and *Luong* could not have concluded that evidence of an anonymous tip was insufficient to establish probable cause without admitting and considering evidence of the tip. Shuler's argument that evidence of the anonymous tip should have been excluded as a matter of law finds no support in any precedent and, thus, does not provide a basis for us to conclude that the district court abused its discretion.

<u>Second</u>, we are not persuaded by Shuler's argument that the evidence of the anonymous tip was unfairly prejudicial under Federal Rule of Evidence 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citation omitted). While Shuler argues that evidence of the anonymous tip may have hurt her case, her observations only confirm the axiom that "relevant evidence is inherently prejudicial." *Id*. (citation omitted). To be "unfair[ly] prejudic[ial]," Shuler must show that the evidence had an "undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee note to 1972 proposed rules. Shuler's only point that approaches this criterion is her assertion that the tip evidence painted her "as a criminal architect likely to be carrying drugs."

Assuming the tip evidence had the danger of painting a portrait of Shuler as a "criminal architect" to the jury, we cannot conclude this would be an improper basis for the jury's decision as to whether the defendant officers reasonably determined that the circumstances established probable cause. Any evidence the officers presented to explain why they thought probable cause existed to arrest Shuler—the question at issue in the trial of this case—would necessarily suggest to the jury that Shuler was involved in criminal activity. Evidence of the tip is no different in its character from other relevant testimony that the officers presented to explain why they believed the circumstances established probable cause, such as their testimony about observing a narcotics exchange involving someone with the same car as Shuler, and their discovery of a large amount of cash, consistent with drug dealing, in her car. Shuler has not shown how the tip evidence unfairly prejudiced her.

**AFFIRMED.**